IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ELIAS YUSTE,<br><br>Petitioner,<br><br>vs.<br><br>SHERIFF JESSE SLAUGHTER[1] and ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 24-50-GF-DWM<br><br>ORDER |

Petitioner Elias Yuste, ("Yuste") a pretrial detainee incarcerated at the Cascade County Detention Center, filed a handwritten document seeking a writ of habeas corpus under 28 U.S.C. § 2254 in the Helena Division. (Doc. 1.) This matter was transferred to the Great Falls Division and Yuste was advised that he needed to file an amended petition. (Doc. 3.) Yuste complied, filing an amended petition and a supplement to his petition. (Docs. 5, 6.) For the reasons stated below, that petition is dismissed.

---

[1] The Court has amended the caption to include the proper Respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rules Governing § 2254 Cases, Rule 2(a), 28 U.S.C. foll. § 2254).

1

I.   **Prior Petition**

Yuste recently filed a prior habeas action. *Yuste v. Attorney General*, Cause No. CV-24-20-GF-BMM. That case summarized the state court proceedings as follows:

> Yuste was originally charged with Partner or Family Member Assault ("PFMA") in Montana's Eighth Judicial District, Cascade County. While incarcerated for the PFMA, on January 6, 2023, Yuste was subsequently charged with Sexual Intercourse without Consent. Attorney Michael Kuntz was appointed to represent Yuste in his state proceedings. Yuste asserts that he has not waived his right to a speedy trial and that the 409 days that elapsed have consequently violated his right to a speedy trial. Yuste further alleges that Mr. Kuntz has provided ineffective assistance of counsel by failing to: perform an adequate pretrial investigation, file pretrial motions, properly prepare for trial, and spend adequate time consulting with Yuste. Yuste asks this Court to order his immediate release from custody and dismiss the state criminal charges with prejudice.

*Id.*, Or. at 1-2 (D. Mont. April 3, 2024)(internal citations omitted). As explained in that order, § 2254 applies only to prisoners who are in custody pursuant to a state court conviction. *Id.* at 2. Because Yuste was a pretrial detainee, the only statutory avenue available to challenge his incarceration was 28 U.S.C. § 2241, which provides authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other reason, such a pretrial detention. *Id.* (citing *White v. Lambert*, 379 F. 3d 1002, 1006 (9th Cir. 2004)). Yuste's petition was dismissed without prejudiced because he had not exhausted his state court remedies and his situation does not

2

involve significantly unusual circumstances to warrant federal intervention. *Id.* at 3-5.

## II. Present Petition

Despite being advised of the exhaustion requirements and relevant habeas standards, Yuste again seeks to proceed under § 2254. He raises the same grounds as previously presented: (1) a violation of his right to a speedy trial due to the 500 days have elapsed since he was charged, (Doc. 5 at 4, ¶ 13); and (2) ineffective assistance of trial counsel based on a failure to investigate and file pretrial motions, (Doc. 6 at 3). Yuste acknowledges that he has not yet been convicted in the state court. (Doc. 5 at 4, ¶ 11.) He requests his immediate release and dismissal of the state charges with prejudice. (*Id.* at 7, ¶ 17.)

Rule 4 of the Rules Governing Habeas Corpus Cases under § 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." As discussed below, the same issues persist in Yuste's present filing which resulted in the dismissal of his prior habeas petition. The petition is therefore dismissed.

Yuste again seeks to challenge the charges and proceedings currently pending against him in state court. The habeas corpus provisions of 28 U.S.C. § 2254 are applicable to "a person in custody pursuant to the judgment of a State

court." See 28 U.S.C. § 2254(a), (b)(1). While 28 U.S.C. § 2241 may be invoked in the pretrial detention context, see *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008) (en banc) ("[Section 2241] provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'"), it also does not apply here. When challenging ongoing criminal proceedings, principles of comity and federalism weigh against federal courts interfering with ongoing state criminal proceedings. *Younger v. Harris*, 401 U.S. 37 (1971). Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances that create a threat of irreparable injury. *Id.* at 45-46. Irreparable injury does not exist if the threat to a petitioner's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" *Id.* at 46 (quoting *Fenner v. Boykin*, 271 U.S. 240, 243 (1926)). "The *Younger* doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." *Miofsky v. Superior Court*, 703 F.2d 332, 336 (9th Cir. 1983).

*Younger* abstention is appropriate when the following factors are satisfied: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state

4

proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (citation and internal quotations omitted). A petitioner may avoid application of the *Younger* abstention doctrine by demonstrating that there is bad faith, harassment, or some other extraordinary circumstance where irreparable injury can be shown. *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971). In practical terms, the *Younger* doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980) (quoting *Drury v. Cox,* 457 F.2d 764, 764-65 (9th Cir. 1972)).

Because the *Younger* requirements are satisfied in the present matter, Yuste's habeas petition is dismissed. First, Yuste is presently detained on Sexual Intercourse without Consent and Partner or Family Member Assault charges filed in Montana's Eighth Judicial District Cascade County. The state court docket indicates that Yuste's trial date has been continued upon a motion by one of the parties, on at least three separate occasions. *See Yuste*, CV 24-20-GF-BMM, Or. at 3-4. Yuste acknowledges that he has not yet proceeded to trial in the state district court. Thus, the matter is ongoing.

Second, Yuste's criminal proceedings implicate Montana's important interest in the order and integrity of its criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Third, Yuste has not demonstrated an inability to raise his constitutional challenges in his state proceedings. He may raise his speedy trial challenge and ineffective assistance of counsel claims on direct appeal. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.").

Finally, granting relief in the instant matter would have the practical effect of enjoining Yuste's ongoing state proceedings. Yuste has not shown irreparable injury will occur without this Court's intervention or demonstrated any other extraordinary circumstance. In the absence of a compelling reason, intervention is not appropriate and *Younger* provides a basis for dismissal.

Yuste is further cautioned that he has only one opportunity to file a federal habeas petition challenging a state judgment of conviction. His continued pro se filings relative to unexhausted claims may have a preclusive effect on his ability to seek and obtain future federal habeas relief.

### III. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253( c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For the reasons set forth herein, Yuste has not yet made a substantial showing of a violation of a constitutional right. Jurists would find no reason to encourage additional proceedings at this time. A certificate of appealability is denied.

Based on the foregoing, IT IS ORDERED that:

1. Yuste's Amended Petition (Doc. 5) is DISMISSED.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 31st day of May, 2024.

Donald W. Molloy, District Judge
United States District Court

7